IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FOUR WINDS BEHAVIORAL
HEALTH,

      Plaintiff,

v.                                                               Civ. No. 19-212 SCY/LF

UNITED STATES OF AMERICA,

      Defendant.

## ORDER ON MOTIONS IN LIMINE[1]

THIS MATTER comes before the Court on Defendant United States Of America's Motion In Limine To Exclude Expert Opinions As Not Disclosed Pursuant To Fed. R. Civ. P. 26(a)(2) And Inadmissible (Doc. 103); Defendant United States Of America's Motion In Limine To Exclude Irrelevant And Unduly Prejudicial Evidence (Doc. 104); Defendant United States Of America's Motion In Limine To Exclude Previously Undisclosed Witnesses (Doc. 105); and Plaintiff's In Limine Motion (Doc. 100). For the reasons stated below, the Court GRANTS the motions relating to undisclosed experts, Docs. 103 and 105. The Court GRANTS IN PART the motion relating to irrelevant evidence, Doc. 104, and takes under advisement the balance of the issues, to address at the pretrial conference. The Court DENIES Plaintiff's In Limine Motion, Doc. 100.

    A.    <u>Motion In Limine To Exclude Expert Opinions</u>

The United States moves to exclude "expert opinion testimony by an unnamed statistician and professor of constitutional law listed in Plaintiff's Pretrial Order." Doc. 103 at 1. Plaintiff did

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 25, 26, 29 & 31.

not file a response to this motion. However, Plaintiff subsequently filed a Witness List indicating Plaintiff will call three lay witnesses. Doc. 109. Plaintiff further states it does not oppose the motion in limine "as to other witnesses." Doc. 109 at 2. Therefore, this motion is GRANTED. Plaintiff shall not present testimony at trial from expert witnesses.

        B.        <u>Motion In Limine To Exclude Irrelevant And Unduly Prejudicial Evidence</u>

The United States moves to exclude arguments and evidence regarding the following subjects: (1) the efficacy or statistical or scientific validity of using the Anti-Fraud Locator using EBT Retailer Transactions (ALERT) system to identify trafficking; (2) the validity of the administrative process and its constitutionality under the Appointments Clause; (3) any alleged damages suffered by Four Winds or its clients; and (4) any proposed amendment of the relevant statute or administrative process. Plaintiff did not file a response to this motion.

*First*, the Court defers until the pretrial conference the decision on whether to exclude evidence on the validity of the ALERT system. Each party should advise the Court at the pretrial conference whether it intends to present evidence at trial relating to or gathered from the ALERT system. This will help define the parameters of the arguments and evidence the Court will permit regarding the ALERT system. As a result, the Court takes under advisement the first request in this motion in limine.

*Second*, the Court grants in part and takes under advisement in part the request to exclude evidence relating to the validity and constitutionality of the administrative process. The Court ruled on summary judgment that Plaintiff's complaints about the administrative process are irrelevant at a bench trial de novo under the governing statute and Tenth Circuit precedent. Doc. 81 at 32-33; *see Haskell v. U.S. Dep't of Agric.*, 930 F.2d 816, 820 (10th Cir. 1991) ("once a participant seeks review de novo, the adequacy of the administrative process as an abstract matter is no longer important" (internal quotation marks omitted)). Plaintiff provides no basis on

which to reconsider this ruling, and the Court therefore will not allow Plaintiff to present argument or evidence on the adequacy of the administrative process.

However, the Court takes under advisement the United States' request to preclude further argument regarding the Appointments Clause challenge. In its July 15, 2020 Memorandum Opinion, the Court found that Plaintiff had not presented facts stating an Appointments Clause challenge at the summary judgment stage. Doc. 81 at 29-32. This is not necessarily a ruling that Plaintiff can *never* present facts stating an Appointments Clause challenge. In addition, the Court does not view *Haskell*'s rule precluding challenges to the procedural adequacy of the administrative process as necessarily extending to a constitutional structural error. *Cf. Freytag v. Commissioner*, 501 U.S. 868, 878-79 (1991) (describing Appointments Clause challenges as "nonjurisdictional structural constitutional objections").

Relevant to whether Plaintiff may make an Appointments Clause argument at this stage is whether Plaintiff was required to make this argument below during the administrative stage. Although this issue was not squarely presented as part of Plaintiff's motion for summary judgment, the Court highlighted this issue in the process of denying its motion for summary judgment. Doc. 81 at 30 n.12. The Court has requested the parties to address the issue of administrative exhaustion at the pretrial conference. Doc. 111.

Relatedly, the parties at the pretrial conference should be prepared to address the United States' argument that a de novo trial in front of a higher court renders any Appointments Clause violation moot. Doc. 104 at 2-3; *see also* Doc. 62 at 4-5. In making this argument, the parties should be familiar with the D.C. Circuit's opinion that such an error falls into a class that "requires reversal where it appears to have done a party no direct harm," that is, in a situation

3

where there is "de novo review following the decision of the (arguably) unlawfully designated official." *Landry v. F.D.I.C.*, 204 F.3d 1125, 1130-31 (D.C. Cir. 2000).

*Third*, the Court will grant the motion with respect to arguments relating to Plaintiff's damages. The operative complaint does not request money damages. Doc. 35. In addition, money damages are specifically barred by statute. 7 U.S.C. § 2023(a)(18). Further, whether Plaintiff's clients have been damaged is irrelevant because Plaintiff's clients are not parties to this litigation. Accordingly, the Court bars Plaintiff from presenting evidence or argument at trial on its damages or its clients' damages.

*Fourth*, the Court grants the motion to exclude evidence relating to any proposed amendment of the relevant statute or administrative process. The legislature, not this Court, is the forum through which to seek amendment of a statute or regulation. Accordingly, Plaintiff shall not present argument or evidence at trial relating to any desired amendment of the relevant statute or administrative process.

        C.        <u>Motion In Limine To Exclude Previously Undisclosed Witnesses</u>

The United States moves to exclude the testimony of Caprice Pino, Kerri Payne, Kristi Rhinehardt, Alicia Cordova, Tamie Litson, James Estrada, Mansoor Ansari, unnamed "clients" listed in the Pretrial Order, and any other witnesses not disclosed as witnesses in discovery. Doc. 105. Plaintiff did not file a response to the motion. However, Plaintiff subsequently filed a Witness List indicating Plaintiff will call only witnesses already disclosed. Doc. 109. Plaintiff further states it does not oppose the motion in limine "as to other witnesses." *Id.* at 2. Therefore, this motion is GRANTED. At trial, Plaintiff shall not present testimony during his case-in-chief other than those witnesses listed in Doc. 109.

Further, to the extent Plaintiff has failed to provide Defendant a summary of its witnesses' expected testimony, Plaintiff is ordered to do so. Plaintiff has stated that it intends to

4

have Garrett Reineke, "one of the original individuals who was accused by ARO Rich Proulx as having been guilty of trafficking," explain "why the statistical methodology by the USDA can only result in unsubstantiated *ipse dixits* by ROD and 'rubber-stamped' by the ARO." Doc. 109 at 1. The United States objects, stating that "Mr. Reincke has not been disclosed as an expert and has no first-hand knowledge of the USDA's statistical methodology." Doc. 110 at 2. Given Plaintiff's characterization of Mr. Reineke as a lay witness, the Court will hear argument at the pretrial conference regarding whether Mr. Reineke's proposed testimony should be considered expert or lay witness testimony.

D.      Plaintiff's Motion in Limine

Plaintiff moves for a ruling that the agency decision was "unconstitutional as applied." Doc. 100 at 1. The United States filed a response, Doc. 101, and Plaintiff did not file a reply. Plaintiff requested oral argument on the motion, but oral argument is at the discretion of the Court. D.N.M.LR-Civ. 7.6. The Court does not find that oral argument on this motion would be productive or useful.

Plaintiff's request for a pretrial ruling as a matter of law on the Appointments Clause issue is denied.[2] As the Court explained to Plaintiff in its ruling on summary judgment, Plaintiff did not present material facts, or legal argument supported by authority, on any of the prongs of the Appointments Clause test as articulated in *Bandimere v. SEC*, 844 F.3d 1168, 1174 (10th Cir. 2016). Doc. 81 at 29-32. As the Court explained, "Plaintiff does not cite a provision establishing the office of AROs by law; does not identify any statute specifying their duties, salary, or means of appointment; and does not describe the AROs' powers or responsibilities . . . ." *Id.* at 30. In

---

[2] To be clear, this is not the same as a ruling that Plaintiff may not present evidence or arguments at trial relating to the Appointments Clause. That issue, presented in the United States' motion in limine, will be taken up at the pretrial conference.

addition, "Plaintiff does not explain who appoints AROs (i.e., someone other than the President, a Court of Law, or a Head of Department)." *Id.* at 31.

Plaintiff's motion in limine fails to address, much less answer, any of these questions. And Plaintiff's motion fails to address whether Plaintiff exhausted administrative remedies and whether a failure to do so would result in a waiver of the Appointments Clause argument before this Court as a matter of law. In short, at this point, Plaintiff has failed to support his Appointments Clause argument and the Court therefore rejects it.

To the extent Plaintiff's motion in limine raises other issues, Plaintiff's arguments either are not fully developed, or constitute challenges to the administrative process that are rejected pursuant to *Haskell v. U.S. Dep't of Agric.*, 930 F.2d 816, 820 (10th Cir. 1991). Therefore, Plaintiff's motion in limine is DENIED.

THEREFORE, IT IS ORDERED THAT the following is excluded from arguments or evidence permitted at trial:

1.   Testimony from any witness other than Gilda Torres, Garrett Reincke and Sheena Bachelor-Evridge during Plaintiff's case-in-chief;

2.   The adequacy of the administrative process;

3.   Any alleged damages suffered by Four Winds or its clients; and

4.   Any proposed amendment of the relevant statute or administrative process.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE