IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FOUR WINDS BEHAVIORAL
HEALTH,

      Plaintiff,

v.                                                  Civ. No. 19-212 SCY/LF

UNITED STATES OF AMERICA,

      Defendant.

## ORDER FOLLOWING PRETRIAL CONFERENCE[1]

During the pretrial conference in this matter the Court heard argument related to Defendant United States Of America's Motion In Limine To Exclude Irrelevant And Unduly Prejudicial Evidence. Doc. 104. Previously, the Court granted this motion in part and took it under advisement in part. Doc. 112. The Court ruled orally on the balance of the issues in the motion at the pretrial conference on February 4, 2021. Doc. 113 (clerk's minutes). This order memorializes that ruling. The Court further heard argument at the pretrial conference on Plaintiff's oral motion to amend its complaint to include constitutional challenges related to the burden of proof in this case and to assert that the Administrative Review Officer ("ARO") who issued a decision in the administrative proceedings below did so in violation of the Appointments Clause. The Court denies Plaintiff's motion to amend its complaint because Plaintiff has not established that the failure to seek an amendment within the Court's scheduling-order deadline is excusable. The Court also denies Plaintiff's request to add an Appointments Clause challenge to

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 25, 26, 29 & 31.

its complaint because, not having exhausted this claim below, such an amendment would be futile.

Thus, *first*, for the reasons stated on the record, the United States' objections to the parties' proposed pretrial order are sustained. The Court will enter a pretrial order accordingly.

*Second*, for the reasons stated on the record, the United States' request to exclude from trial arguments and evidence regarding the efficacy or statistical or scientific validity of using the Anti-Fraud Locator using EBT Retailer Transactions (ALERT) system to identify trafficking is GRANTED IN PART. The Court excludes arguments about the unfairness of the underlying administrative proceedings or the investigation in connection with the use of the ALERT system, its software programming, or the accuracy of its collected data. However, Plaintiff may cross-examine the government's witness concerning her testimony about the EBT transactions flagged by the ALERT system and whether such transactions indicate trafficking; whether the government's inferences from this data are reasonable; and whether the ALERT system fails to capture other information that is relevant and should be considered.

*Third*, Plaintiff's oral motion to amend the complaint is denied.  Plaintiff's request to amend its complaint to bring a constitutional challenge to the SNAP program and/or the standard of review, and to allege an Appointments Clause violation is untimely. Further, Plaintiff's proposed Appointments Clause claim would be futile.[2] Accordingly, the government's motion to exclude evidence and arguments about the constitutionality of the administrative process under the Appointments Clause is granted.

---

[2] Plaintiff has not provided enough information on its proposed claim regarding the constitutionality of the SNAP program and/or standard of review to evaluate whether such an amendment would be futile.

Rule 15 provides that "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). However, a plaintiff requesting to amend the complaint outside the deadline in the scheduling order must also show "good cause" under Rule 16 for modifying the scheduling order. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014).

The deadline for Plaintiff to amend pleadings and join additional parties by written consent, or to seek leave of the court to amend and join additional parties, was August 2, 2019. Doc. 42 at 2. The Court finds that Plaintiff has not demonstrated good cause for seeking leave to amend after this deadline expired. At the pretrial conference, Plaintiff argued good cause exists because Plaintiff was not aware that the Appointments Clause challenge needed to be brought in the Amended Complaint, Doc. 35. Plaintiff's counsel stated he believed it was sufficient to include the issue in the original complaint, Doc. 1. Plaintiff's belief was incorrect. "'[A] pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.'" *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990) (quoting 6 Wright, Miller & Kane, Federal Practice And Procedure, Civil 2d § 1476, p. 556). In addition, as the government argued at the pretrial conference, the fact that Plaintiff removed this claim from the Amended Complaint indicated to the government that Plaintiff intended to deliberately withdraw the issue from this case. Removing the issue from the operative pleading also removed the government's ability to

perform discovery on the issue, move to dismiss the claim in the complaint, or move for summary judgment on the claim.

"[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice" to demonstrate good cause. *Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 175 (10th Cir. 1996). In addition, the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). The government represents that it notified Plaintiff in October 2019 that the Appointments Clause challenge was not in the operative complaint. Plaintiff has no explanation for waiting another year and a half to move to amend the complaint. Similarly, Plaintiff provides no explanation as to why it waited until after the close of discovery and less than two weeks before trial to seek to add a claim related to the constitutionality of the SNAP program and/or the burden of proof that applies in this case. Allowing Plaintiff to add these constitutional claims at this late stage would be prejudicial to the United States and cannot be validly excused.

The Court also finds that the proposed Appointments Clause amendment would be futile based on the doctrine of administrative exhaustion. In *Carr v. Commissioner*, the Tenth Circuit reiterated the "general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." 961 F.3d 1267, 1271 (10th Cir. 2020).[3] It applied this rule to hold that claimants must present an Appointments Clause challenge to the Social Security Administration, or they waive the argument in federal court. *Id.* Courts have declined to apply the doctrine of administrative exhaustion "only in rare circumstances." *Id.*

---

[3] The Supreme Court granted certiorari in this case, and it is set to be argued on March 3, 2021. *See Carr v. Saul*, No. 19-1442 (U.S. Nov. 9, 2020). Nonetheless, this Court must follow the law in the Tenth Circuit in effect at the time it issues its decision.

Plaintiff concedes it did not present this issue to the agency before ARO Proulx issued the final agency decision. In the absence of a statute or regulation requiring exhaustion, a court must consider whether the institutional interests supporting issue exhaustion apply and whether there are any good reasons to depart from the exhaustion rule. *Carr*, 961 F.3d at 1271. This Court finds, as the Tenth Circuit did in *Carr*, that institutional interests support the application of issue exhaustion. Just like in *Carr*, "had [Plaintiff] exhausted [its] Appointments Clause claims, the [agency] could have corrected an appointment error. The [agency] might have changed its position on the Appointments Clause issue; and if it did not, it would at least have been put on notice of the accumulating risk of wholesale reversals being incurred by its persistence." *Id.* at 1273 (citations, alterations, and internal quotation marks omitted). As the government argued at the pretrial conference, the agency could have corrected an Appointments Clause error if brought to its attention, if only to minimize litigation risk. This Court notes that the SSA has in fact corrected any error, as all ALJs' appointments have been mass-ratified by the Secretary. *See* SSR 19-1p, 2019 WL 1324866, at *2 (Mar. 15, 2019). Assuming Plaintiff's Appointment Clause argument has merit, had this argument been presented to the United States Department of Agriculture, the USDA might have acted similarly to the SSA.

Moreover, Plaintiff's argument that presenting the Appointments Clause issue to ARO Proulx likely would have made no difference asks the wrong question. As the Tenth Circuit explained in *Carr*: "Even if corrective action was unlikely at the behest of a single [] claimant, [Plaintiff's] failure to exhaust [its] Appointments Clause challenges deprived the [agency] of its interest in internal error-correction." *Carr* , 961 F.3 at 1273 (internal citation, quotation marks, and alterations omitted). Thus, Plaintiff's argument that administrative exhaustion would not have served any purpose is unpersuasive.

5

And, raising this issue below would have indisputably served the purpose of preserving agency and judicial resources. *See Carr*, 961 F.3d at 1273-74. In *Carr*, the court recognized that raising the issue below might have served the purpose of avoiding the possibility of having to conduct two ALJ merits hearings on a disability benefits claim. *Id.* at 1273. The present case presents an even more compelling resource-saving argument. Because the standard of review is de novo, presenting an Appointments Clause challenge as early as possible would avoid the possibility of holding *three* merits decisions on Plaintiff's food-stamps-termination claim: the initial one before ARO Proulx, a *de novo* review after a full trial by this Court, and yet another review by a properly-appointed ARO should Plaintiff successfully elicit evidence at trial that demonstrates an Appointments Clause violation. Thus, requiring administrative exhaustion serves the purpose of potentially saving considerable administrative and judicial resources.

Plaintiff identifies no other arguments against the application of administrative exhaustion.[4] Because Plaintiff did not present its Appointments Clause challenge to the agency in this case, the Court finds it has waived the issue in front of this Court.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

---

[4] At the pretrial conference, Plaintiff's counsel cited to the recent Supreme Court decision of *Salinas v. United States R.R. Ret. Bd.*, No. 19-199 (U.S. Feb. 3, 2021). *Salinas* does not discuss the doctrine of administrative exhaustion. Rather, the Supreme Court found that the relevant statute provides for judicial review of the final agency decision not to reopen proceedings. The issue before the Court in *Salinas* is therefore not presented in this case, where no party disputes that the relevant statute provides for judicial review of the final agency decision. In addition, as the government noted, no party has requested to reopen agency proceedings in this case. Thus, there is no decision refusing to do so that this Court could review.