## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

FOUR WINDS BEHAVIORAL
HEALTH,

      Plaintiff,

    v.                                  Civ. No. 19-212 SCY/LF

UNITED STATES OF AMERICA,

      Defendant.

### ORDER DENYING MOTION FOR RULE 60(b)(6) RELIEF

After a bench trial, the Court issued Findings of Fact and Conclusions of Law and entered final judgment in the United States' favor on July 7, 2021 in this food-stamps-trafficking case. Docs. 142 & 143. Plaintiff appealed to the Tenth Circuit, which affirmed and entered its mandate on September 6, 2022. Doc. 149. Presently before the Court is Plaintiff's "Rule 60(b)(6) Motion for Relief from Judgment," filed May 14, 2023. Doc. 150.

Federal Rule of Civil Procedure 60(b)(6) is the catch-all provision of Rule 60(b), allowing for relief from a final judgment based on "any reason that justifies relief." Plaintiff claims the motion is justified by a change in intervening law. Doc. 150 ("rulings by the United States Supreme Court in *Axon Enterprise v. FTC*, 21-86 and *SEC v. Cochran*, 21-1239, decided on April 14, 2023"). But as the United States points out, "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997). Especially "when [a] post-judgment change in the law did not arise in a related case, that … change … does not justify relief under Rule 60(b)(6)." *Van Skiver v. United States*, 952 F.2d 1241, 1245 (10th Cir. 1991) (cleaned up).

*Axon* and *Cochran* did not "aris[e] out of the same accident [or incident] as that in which the plaintiffs were injured." *Cf. Van Skiver*, 952 F.2d at 1245 (internal quotation marks omitted).

The Court therefore denies the motion on procedural grounds. In addition, on the merits of the request, the Court notes that Four Winds does not, in fact, make any argument that *Axon* or *Cochran* wrought a change in the law that would affect this case. In its motion, Four Winds merely recites a litany of the *same* arguments it raised repeatedly during the litigation of this case. Doc. 150 at 3-7. Rule 60(b)(6) is not the appropriate vehicle for a motion solely based on a disagreement with decisions a court made during the pendency of a case.

THEREFORE, IT IS ORDERED THAT Plaintiff's "Rule 60(b)(6) Motion for Relief from Judgment," Doc. 150, is DENIED.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE